■ The People of the State of New York, Respondent v. Francis Wager, Appellant.— Order affirmed. All concur. (Appeal from an order of Ontario County Court denying defendant's application for a review of his conviction and sentence as a second offender for the crime of rape, first degree.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ Worthy J. Forward, Jr., et al., Appellants, v. Louis A. Iuppa, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term dismissing plaintiffs' complaint at the close of plaintiffs' case, in an action to recover damages for personal injuries alleged to have been sustained by plaintiff as the result of malpractice on the part of defendant physician.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ Margaret Forward et al., Appellants, v. Rochester St. Mary's Hospital of the Sisters of Charity, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term dismissing plaintiffs' complaint at the close of plaintiffs' case in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ The People of the State of New York, Respondent, v. Steven Dosztan, Appellant.— Order affirmed. All concur. (Appeal from an order of Lewis Special Term denying petitioner's application to vacate a judgment convicting him of the crime of burglary, third degree.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ The People of the State of New York, Respondent, v. William Waterson, alias William Amil Janda, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment of Onondaga County Court convicting defendant of the crime of violation of subdivision 4 of section 1897 of the Penal Law [a felony] in possessing concealed weapons.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ In the Matter of the Probate of the Will of Maude Johnson, Deceased. Ada Ostrander, Appellant; Howard Coppins, Respondent.— Decree and order reversed on the law and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: In a case where reasonable inferences may be drawn from the evidence that the purported will did not represent the dispositive purpose or intent of the testator, the case is one for the jury to determine. Here, we think a question of fact was present as to whether the will propounded was in fact freely and voluntarily made or executed by the testatrix, Maude Johnson, or was the product or result of undue influence practiced upon her by the two beneficiaries named in said paper executed by said Maude Johnson. In our opinion, it was error to direct a verdict. The decree admitting the will to probate is reversed on the law and the matter remitted to the Surrogate's Court for a new trial before a jury. All concur. (Appeal from a decree of Onondaga Surrogate's Court admitting a will to probate. The order is the intermediate order of the Surrogate directing a verdict of the jury in favor of proponent.) Present — McCurn, P. J., Vaughan, Kimball Williams and Bastow, JJ.

■ Floyd Keener, Appellant, v. J. Walter Smith, Individually and as Administrator of the Estate of Betty M. Smith, Deceased, et al., Respondents, et al., Defendant.— Judgment affirmed, with costs. All concur. (Appeal in an automobile negligence action from a judgment of Genesee Trial Term for plaintiff and against defendant Schneider for $17,300 and costs; against plaintiff and in favor of defendant Smith for no cause of action; and nonsuiting plaintiff as to defendant Railroad Co. on motion made at close of plaintiff's case.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.